## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| DEMETRIUS ARMSTRONG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 14-1015-SEM |
| | ) | |
| | ) | |
| LT. FISHEL, M. MOUNTAIN, and | ) | |
| JOHN DOE, | ) | |
| | ) | |
| Defendants. | ) | |

## MERIT REVIEW OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

This cause is before the Court for a merit review, pursuant to 28 U.S.C. § 1915A, of Plaintiff Demetrius Armstrong's claims and for consideration of his motion for appointment of counsel.

### I.
### MERIT REVIEW UNDER 28 U.S.C. § 1915(A)

Under 28 U.S.C. § 1915(e)(2) and § 1915A, the Court is required to carefully screen a complaint filed by a plaintiff who seeks to proceed in forma pauperis. The Court must dismiss a complaint, or a portion thereof, if the plaintiff has raised claims that are legally "frivolous or malicious," that fails to state a claim upon

1

which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id.*

The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim for relief if the complaint does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

In reviewing the complaint, the Court accepts the factual allegations as true and liberally construes them in plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Conclusory statements and labels are insufficient. Fed. R. Civ. P. 8; *Schatz v. Republican State Leadership Comm.,* 669 F.3d 50, 55 (1st Cir. 2012) (holding that, in order to determine if a complaint states a plausible claim, the court must take non-conclusory, non-speculative facts as true, draw all reasonable inferences in the pleader's favor, and isolate and ignore statements that simply rehash claim elements or offer only legal labels and conclusions). Instead, sufficient facts

must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013)(internal quotation omitted).

## II.
## ANALYSIS

Plaintiff Demetrius Armstrong is an inmate within the Illinois Department of Corrections who, at all relevant times, was housed at the Western Illinois Correctional Center ("Western"). Defendant Lt. Fishel is a lieutenant at Western. Defendant M. Mountain is a correctional officer at Western, and Defendant John Doe is a correctional officer at Western.

Armstrong alleges that these Defendants violated his constitutional rights in two ways. First, Armstrong claims that Lt. Fishel violated his First Amendment rights by asking him to be quiet during meal time. Armstrong asserts that Lt. Fishel's actions violated his First Amendment rights because there is no IDOC rule or regulation at Western prohibiting him from talking during meal time.

Second, Armstrong alleges that Defendants used excessive force against him in violation of his Eighth Amendment rights.

Specifically, Armstrong asserts that Defendant Mountain used pepper spray on him without reason or justification and that, after he had been handcuffed, Defendants kicked him in the face and groin, pulled his arms, and punched him in the stomach.

"To prevail in this section 1983 action, [Armstrong] must establish (1) that he had a constitutionally protected right, (2) that he was deprived of that right, (3) that [Defendants] intentionally deprived him of that right and (4) that [Defendants] acted under color of state law." *Forrest v. Prine*, 620 F.3d 739, 743 (7th Cir. 2010). Armstrong has failed to allege sufficiently that he had a constitutionally protected First Amendment right of which Lt. Fishel deprived him. Accordingly, Armstrong's First Amendment claim is dismissed.

There is no generalized First Amendment right to speak whenever one desires. In order "[t]o prevail on a First Amendment retaliation claim, [Armstrong] must ultimately show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the

retaliatory action." *Id.* at 546 (internal quotations omitted). *Bridges v. Gilbert*, 557 F.3d 541, 547-48 (7th Cir. 2009)(internal quotations and citations omitted). Armstrong has failed to allege any facts that would satisfy these elements. Therefore, his First Amendment claim is dismissed.

On the other hand, Armstrong has sufficiently alleged a violation of his Eighth Amendment rights in that Defendants allegedly used excessive force against him. A plaintiff must demonstrate that the force used against him by a state actor in an excessive force claim was not applied in a good faith effort to maintain or restore discipline but was applied maliciously and sadistically to cause harm. *Wilkins*, 559 U.S. 34, 37 (2010)(quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)).

Here, Armstrong has alleged that Defendant Mountain used pepper spray on him without provocation or necessity. Armstrong also alleges that Defendants hit and kicked him after he had been placed in handcuffs. The Court finds that Armstrong's allegations are sufficient to state a cause of action against Defendants for violating his Eighth Amendment rights.

Finally, Armstrong has filed a motion for appointment of counsel to represent him in this case. Typically, the Court will not consider the merits of such a motion until a plaintiff shows that he has made reasonable efforts to find counsel on his own. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). A plaintiff usually makes this showing by writing to several different law firms and attaching the responses to the motion for appointment of counsel.

Armstrong has not demonstrated that he has attempted to find counsel on his own prior to filing this motion. Therefore, his motion is denied. Armstrong may renew his motion for counsel, but if he chooses to do so, he should attach the responses that he has received from the lawyers he has contacted who declined his request to represent him. In addition, Armstrong should set forth his educational level, work experience inside and outside of the facility, his litigation experience (if any), and any other facts relevant to whether he is competent to proceed without an attorney.

**IT IS, THEREFORE, ORDERED that:**

1.    Pursuant to the Court's merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff's Complaint states a claim against Defendants for excessive force in violation of

his Eighth Amendment rights.  Any additional claim(s) shall not be included in the case except at the Court's discretion on a motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2.     The Court also finds that Plaintiff's Complaint fails to state a cause of action for a violation of his First Amendment rights. Therefore, that claim is dismissed.

3.     This case is now in the process of service.  Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions in order to give Defendants notice and an opportunity to respond to those motions.  Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature.  Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

4.     The Court will attempt service on Defendants by mailing them a waiver of service.  Defendants have 60 days from service to file an Answer.  If Defendants have not filed an Answer or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service.  After Defendants

have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

5.    With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address.  This information shall be used only for effectuating service.  Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

6.    Defendants shall file an answer within 60 days of the date the waiver is sent by the clerk.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Order.  In general, an answer sets forth Defendants' positions.  The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants.  Therefore, no response to the answer is necessary or will be considered.

7.    Once counsel has appeared for Defendants, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel.  Instead, the Clerk will file Plaintiff's documents electronically and send notices of electronic filing to defense counsel.  The notices of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3.  If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

8.    Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement.  Counsel for Defendants shall arrange the time for the deposition.

9.    Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO**:  **1)  ATTEMPT SERVICE ON DEFENDANTS PURSUANT TO THE STANDARD PROCEDURES; 2) SET AN INTERNAL COURT DEADLINE 60 DAYS FROM THE ENTRY OF**

THIS ORDER FOR THE COURT TO CHECK ON THE STATUS OF SERVICE AND ENTER SCHEDULING DEADLINES; 3) SHOW PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL [5] AS DENIED; AND TO SHOW PLAINTIFF'S FIRST AMENDMENT CLAIM AS DISMISSED FOR FAILING TO STATE A CAUSE OF ACTION UPON WHICH RELIEF CAN BE GRANTED.

LASTLY, IT IS ORDERED THAT IF A DEFENDANT FAILS TO SIGN AND RETURN A WAIVER OF SERVICE TO THE CLERK WITHIN 30 DAYS AFTER THE WAIVER IS SENT, THE COURT WILL TAKE APPROPRIATE STEPS TO EFFECT FORMAL SERVICE THROUGH THE U.S. MARHSAL'S SERVICE ON THAT DEFENDANT AND WILL REQUIRE THAT DEFENDANT TO PAY THE FULL COSTS OF FORMAL SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(d)(2).

ENTER: March 31, 2014

FOR THE COURT:


s/ Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE